UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN WILBORN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-11797-DJC |
| MARTHA COAKLEY, ATTORNEY GENERAL, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                                                                       October 21, 2011

### I. Introduction

Plaintiff John Wilborn ("Wilborn"), who is incarcerated at MCI Shirley, brings this action against Massachusetts Attorney General Martha Coakley and Essex County District Attorney Jonathan Blodgett. Requesting relief under 42 U.S.C. § 1983, Wilborn seeks a copy of the autopsy report of the victim of the crime for which he was convicted as well as DNA testing of crime scene evidence.

Wilborn also filed motions for leave to proceed in forma pauperis (#4), for service by the Court (#3) and for appointment of counsel (#6). For the reasons stated below, the Court denies these motions without prejudice.

### II. Discussion

#### A. Motion to Proceed In Forma Pauperis

The filing fee for a non-habeas civil action is $350.00. See 28 U.S.C. § 1914(a). Although

a prisoner cannot receive a waiver of the fee, he may seek leave to proceed without prepayment of the fee by filing a motion to proceed in forma pauperis with "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). The Court then assesses, and when funds exist, collects from the prisoner an initial partial filing fee of twenty percent of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(b)(1). The prisoner pays the rest of the $350.00 filing fee over a period of time. See 28 U.S.C. § 1915(b)(2).

Here, the prison account statement that Wilborn provided (docket entry #5, at 2) only covers the period from August 1, 2011 through September 21, 2011–approximately seven weeks. Without a six-month statement, the Court cannot calculate the initial partial filing fee. Therefore, the Court must deny the motion to proceed in forma pauperis. The denial is without prejudice to the plaintiff filing a new motion for leave to proceed in forma pauperis with the required six-month prison account statement.

The Court notes that, once the filing fee is resolved, summons will not issue unless the Court determines that Wilborn has stated a claim for relief. See 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

### B.     Motion for Service by the Court

---

[1] Moreover, even where an action is dismissed upon a preliminary screening, a prisoner remains obligated to pay the fee. See, e.g., Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").

As the filing fee must be resolved and the Court has not yet determined whether summons will issue, the Court denies without prejudice the motion for service by the Court.  If the Court later permits Wilborn to proceed without prepayment of the filing fee and orders that summons issue, the Court will also direct the United States Marshal to complete service at the direction of the plaintiff with all costs of service to be advanced by the United States.  See Fed. R. Civ. P. 4(c)(3).  Wilborn will nonetheless be responsible for providing the United States Marshal with all documents for service and the address at which each defendant should be served.

### C.   Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify for appointment of counsel in a civil matter, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

Because summonses have not issued and the defendants have not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  If the Court later orders that summonses issue, Wilborn may renew his motion for appointment of counsel after the defendants have been served with and responded to the complaint.

**III.    Conclusion**

For the aforementioned reasons:

1.      The motion (#4) for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE.  If Wilborn elects to proceed with this action, within 21 days of the date of this Procedural Order, he either must (1) pay the $350.00 filing fee; or (2) file a renewed motion for leave to proceed in forma pauperis accompanied by his certified six-month prison account statement.  Failure to comply with this directive may result in a dismissal of this action without prejudice.

The Clerk shall provide Wilborn with an Application to Proceed in District Court Without Prepaying Fees or Costs.

The Clerk shall also send a copy of this order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his prison account statement.

2.      The motion (#3) for service by the Court is DENIED WITHOUT PREJUDICE.

3.      The motion (#6) for appointment of counsel is DENIED WITHOUT PREJUDICE.

**So ordered.**

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Denise J. Casper  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge